UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                            Criminal Case No: 19-cr-20026
                            Hon. Gershwin A. Drain

vs

D-4 PREM RAMPEESA

        Defendant.

_____/

| TIMOTHY P. McDONALD | WANDA R. CAL P-34369 |
|---|---|
| Assistant U.S. Attorney | Attorney for Defendant Rampessa |
| 211 W. Fort St, Ste 2001 | 1401 W. Fort St., #44473 |
| Detroit, Michigan 48226 | Detroit, Michigan 48244 |
| (313) 226-0221 | (313) 965-1210 |

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

### A. Background

On February, 6 2019, Defendant Prem Rampessa was charged in a one (1) indictment of Conspiracy to commit visa fraud and harbor aliens for profit, in violation of 18 U.S.C. Sec 371. That the defendant plea guilty to the one count indictment on June 3, 2019. The government offered a Rule 11 plea with guidelines of 33-41 months. The Defendant pled guilty as charged without a Rule 11 on June 3, 2019.

Defendant Prem Rampessa is a 27 year old citizen of India who came to the United States on a valid student visa on or about May, 2017. He was born into an agricultural family with a mother, father, sister and brother. He was the youngest of all the children. Defendant was a student at Northwestern PolytechnicUniversity and earned a Masters Degree in Computer Science on August 23, 2016. (See Exhibit (A and Exhibit B). Defendant also was permitted to participate in

a curricular practical training (CPT) where he could work in the United States for three (3) years. But, Defendant found out after he graduated that Northwestern Polytechnic University had lost its accreditation and that meant that although Defendant had earned 3 years of CPT, he was only entitled to one (1) year of CPT. Defendant attempted to find gainful employment in several states to wit; Georgia, New Jersey, North Carolina and California. Each time Defendant interviewed, he did not receive the employment. Defendant was in jeopardy of losing his F-1 student visa status.

Defendant also found out that with the loss of its accreditation that his master's degree from Northwestern Polytechnic University was worthless. That he had just wasted $40,000.00 in tuition money with Northwestern Polytechnic University. That the Defendant was desperate to stay in the United States and accomplish his goal of receiving a Ph.D. in computer science and returning to India to run a computer science company of his own. After being so discouraged about not finding employment and loss of accreditation for Northwestern Polytechnic University, he was desperate to find a way to stay in the United States. He was running out of money and was living on his credit cards and money from his family back in India and Defendant did not want to come home a failure. It was a that point in his life that Defendant met to the co-Defendant Santosh Reddy Sama and was introduced to the University of Farmington Hills in Farmington Hills, Michigan. Defendant applied and was admitted to the University of Farmington Hills on or about September 14, 2017.

Co-Defendant Sama recruited Defendant Rampessa to attend the University of Farmington Hills. Co-Defendant Sama provided Defendant Rampessa with tuition credits so he could continue to attend the University of Farmington Hills and would continue to do so, if Defendant Rampessa would give him the names of other desperate foreign students that wanted to stay in the United States. So he helped co-Defendant Sama recruit students for the University of Farmington Hills and he received only tuition credit to non-existent University in order to maintain his status and receive

a student visa I-20. If he could stay in the United States, he would get his Ph.D and possibly employment in computer science so that he would achieve his goals. So he took the short cut offered to him by co-defendant Sama.

It was a mistake and Defendant acknowledged his participation in this matter upon his arrest. He has never denied his involvement. This current charge is an anomaly. Mr. Rampessa has never been involved in any other criminal activity at all.

### Sentencing

The court must impose a sentence "sufficient, but not greater than necessary," to satisfy the requirements established by Congress and set forth in 18 U.S.C. 3553. Mr. Rampressa knows that the court is otherwise fully aware of its sentencing responsibilities and how to fulfill them, once it has the full facts and circumstances. Ensuring that the court has those facts and circumstances is the purpose of this memorandum. Mr. Rampressa would point out in this section that the court is free to depart from the guidelines and from the sentence recommended by the government in imposing a sentence which still fulfills the Congressional objectives. *See United States v Booker,* 543 U.S. 220 (2005).

As part of its responsibilities, the court must resolve the difference between the sentencing guidelines calculations performed by the government and probation department and that calculated by defendant. Also, the court must consider the disparities in sentencing with the other defendants in this matter. As co-defendant Sama received only 18 months from this court. Defendant Rampessa was recruited by Defendant Sama and received only tuition credits. It would appear that Defendant Rampessa should not receive the same sentence as the person who recruited him. That Defendant

3

Rampessa implores this court to impose a sentence of less than 18 months so his role was far less influential in this conspiracy than that of his co-defendant Sama who was the ring leader and received mass amounts of money in this scheme and had been doing this since January 2017 without any involvement of Defendant Rampessa. In fact, Defendant Rampessa was arrested on his first trip to visit the University of Farmington Hills and he was extremely cooperative with authorities at all times after his arrest.

That the Defendant filed several objections to the PSI but the probation department has not responded to those objections which were timely filed.. That Defendant wants this court to determine these objections and rule that the guideline should be 0 to 6 months and that the Defendant's offense level is in Zone A, Level 5.

**Conclusion**

Based on Mr. Rampessa's background and all the other facts and circumstances which the court must taken into account in sentencing him, he requests that the court calculate his guideline be reduced to 0 to 6 months. That in the alternative, Defendant Rampessa requests that this court go below any calculated guidelines and sentence him to time served ( 295 days) and deport him to the country of India.

Respectfully submitted,

/s/ Wanda R. Cal
WANDA R. CAL P-34369
Attorney for Defendant
1401 W. Fort St., #44473
Detroit, Michigan 48244
(313) 965-1210
wrcal55@att.net

Dated November 14, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                 Criminal Case No: 19-cr-20026
                                 Hon. Gershwin A. Drain

vs

D-4 PREM RAMPEESA

        Defendant.

| TIMOTHY P. McDONALD | WANDA R. CAL P-34369 |
|---|---|
| Assistant U.S. Attorney | Attorney for Defendant Rampessa |
| 211 W. Fort St, Ste 2001 | 1401 W. Fort St., #44473 |
| Detroit, Michigan 48226 | Detroit, Michigan 48244 |
| (313) 226-0221 | (313) 965-1210 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2019, I electronically filed the Sentencing Memorandum with the Clerk of the Court using the ECF system, which will send notification of such filing to the parties of record.

                                 Respectfully submitted,

                                 s/Wanda R. Cal
                                 WANDA R. CAL P-34369
                                 Attorney for Prem Rampeesa
                                 1401 W. Fort St., # 44473
                                 Detroit, MI 48244
                                 (313)965-1210
                                 wrcal55@att.net

Dated: November 14, 2019